IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| PAVECON HOLDING CO., INC., PAVECON LTD. CO., and PAVECON PUBLIC WORKS LP, | § § § § | |
| | § | CIVIL ACTION NO. 4:16-CV-00888-ALM-CAN |
| Plaintiffs, | § § | |
| v. | § § | |
| RICK W. TUZINSKI and KANSAS ASPHALT, INC. d/b/a Asset Pavement, | § § § § § | |
| Defendants. | § | |

# REPORT AND RECOMMENDATION
# OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendants' Motion to Join Labcon, Inc. as a Party Pursuant to F.R.C.P. 19(a) ("Motion to Join Party") [Dkt. 28]. Defendants argue Labcon, Inc. is Defendant Tuzinski's true employer and must be joined as a party to this suit, in order, to afford complete relief between the existing parties, protect Labcon's interests, and avert a substantial risk that Defendants will face multiple and inconsistent obligations if this case is litigated without joining Labcon. After reviewing the Motion to Join Party, Plaintiffs' Amended Complaint [Dkt. 44], Plaintiff's Response [Dkt. 35], Defendants' Reply [Dkt. 38], Plaintiff's Sur-Reply [Dkt. 41], and all other relevant pleadings and the evidence of record, the Court recommends that the Motion to Join Labcon, Inc. as a Party [Dkt. 28] be **DENIED.**

## BACKGROUND

Pavecon Holding Co., Inc., and its subsidiaries, Pavecon Ltd. Co. and Pavecon Public Works LP ("Pavecon") filed their complaint against Defendants Rick W. Tuzinski and Kansas Asphalt, Inc. on November 17, 2016 [Dkt. 1]. Defendants moved to dismiss the complaint

REPORT AND RECOMMENDATION – Page 1

[Dkt. 10]. The Court afforded Plaintiffs an opportunity to file an amended complaint, [Dkt. 32], and Plaintiffs' Amended Complaint was filed on April 24, 2017 [Dkt. 44].

As stated in the Amended Complaint, Pavecon operates an asphalt and concrete paving business out of seven regional offices located in Texas, Arkansas, and Mississippi [Dkt. 44 at 2]. Pavecon alleges that to promote and facilitate that business, Pavecon maintains trade secret and confidential information, including customer lists, pricing data, documentation of negotiated rates for various suppliers and contractors, proprietary forms and formulas, and business plans outlining future work and contracts with various customers [Dkt. 44 at 3]. Tuzinski worked for Pavecon from 2002 until he resigned on October 23, 2015 [Dkt. 44 at 4].

While employed at Pavecon, Tuzinski was offered and accepted a Stock Bonus Agreement from Pavecon on December 21, 2007. Pavecon alleges that in exchange for receiving benefits under the Stock Bonus Agreement, Tuzinski agreed he would not: (1) divert or attempt to divert existing customers or suppliers from Pavecon or to Pavecon's competitors; (2) intentionally disrupt or attempt to disrupt any business relationship between Pavecon and any third party in connection with Pavecon's business; (3) make a statement or perform an act to intentionally damage Pavecon's business reputation; or (4) induce or attempt to induce Pavecon employees or independent contractors from providing services to Pavecon [Dkt. 44 at 4-5].

The Amended Complaint alleges that in early 2015, while still employed by Pavecon, Tuzinski formed a competing entity and solicited investors for that entity, including Kansas Asphalt. Kansas Asphalt is a competitor of Pavecon [Dkt. 44 at 6]. Between at least March of 2015 and until he resigned from Pavecon, with Kansas Asphalt's knowledge and approval, Tuzinski allegedly acted as Kansas Asphalt's employee or agent, actively using Pavecon's resources and information to help Kansas Asphalt compete against Pavecon for work

[Dkt. 44 at 7]. When Tuzinski left his Pavecon employment, he allegedly looted Pavecon's trade secrets and destroyed confidential and trade secret files to promote and further Kansas Asphalt's interest in Tuzinski's competing business; Defendants then allegedly conspired to use the stolen information and compete for business with Pavecon's clients [Dkt. 44 at 10].

Pavecon's Amended Complaint seeks recovery against Tuzinski for Breach of Contract, [Dkt. 44 at 20-21], and against both Tuzinski and Kansas Asphalt for violating the Computer Fraud and Abuse Act, (specifically 18 U.S.C. § 1030(a)(2), (4), and (5) of that Act), and the Harmful Access by Computers Act [Dkt. 44 at 11-16], Breach of Fiduciary Duty [Dkt. 44 at 17-18], Misappropriation of Trade Secrets [Dkt. 44 at 18-19], Tortious Interference with an Existing Contract [Dkt. 44 at 21-22], and Tortious Interference with a Prospective Contract [Dkt. 44 at 22].

Relevant herein, Pavecon leases its workforce personnel from Labcon, and Labcon's sole business is to lease employees to Pavecon [Dkts. 28-1; 28-2 at 1; 35-1; 35-2 at 1]. As such, Tuzinski was an employee of Labcon, but he was selected by Pavecon to perform work for Pavecon under Pavecon's supervision. Pavecon revenue pays the wages of its leased employees [Dkt. 35-2 at 2]. Pavecon provides any cellular telephones and phone plans, computer equipment and networks, communication devices, or other tangible or intangible personal property to its leased employees, and any information, data, or files of any kind obtained through the use of that property remains the property of Pavecon, not Labcon [Dkt. 35-1 at 1-2; 35-2 at 2]. Pavecon's goodwill, trademarks, or trade secrets are owned solely by Pavecon [Dkt. 35-2 at 2]. Defendant Tuzinski signed the Stock Bonus Agreement as an employee of Pavecon, and while performing work for Pavecon, he represented himself as a Pavecon employee when communicating with Pavecon's customers [Dkt. 35-2 at 5, 21-24]. In Tuzinski's

business plan for creating his own newly formed business and soliciting investors, Tuzinski states he was employed by Pavecon [Dkt. 35-3 at 2].

## LEGAL STANDARD

Defendants have moved to add Labcon as a party pursuant to Rule 19(a) of the Federal Rules of Civil Procedure. Rule 19(a) provides, in relevant part:

(a) Persons to Be Joined If Feasible.

(1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

FED. R. CIV. P. 19(a). Joinder of an additional party is mandatory only under the circumstances described in Rule 19(a). A court must carefully examine the facts when deciding if Rule 19 joinder is proper, with the movant bearing the initial burden of demonstrating that an absent party is necessary, after which the burden shifts to the party opposing joinder. *Timberlake v. Synthes Spine, Inc.*, No. V-08-4, 2011 WL 2607044, at *2 (S.D. Tex. June 30, 2011) (citing *Hood ex. rel. Mississippi v. City of Memphis*, 570 F.3d 625, 628 (5th Cir. 2009)). "[W]hen an initial appraisal of the facts indicates that a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder." *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1309 (5th Cir. 1986).

**ANALYSIS**

Defendants' briefing argues "Labcon should be joined as an involuntary plaintiff under either Rule 19(a)(1)(A) or Rule 19(a)(1)(B)(ii)" [Dkt. 38 at 4]. Involuntary joinder of a plaintiff is proper only when "the absent party has either a duty to allow the plaintiff to use his name in the action or some sort of an obligation to join plaintiff in the action." *Eikel v. States Marine Lines, Inc.*, 473 F.2d 959, 962 (5th Cir. 1973). "[T]he general rule is that only the party who initiates the lawsuit should be saddled with the procedural burdens of a plaintiff." *Id.*

### A. Joinder under Rule 19(a)(1)(A)

As such, Rule 19(a)(1)(A) requires joinder only when the absence of the unjoined party will prevent complete relief among the current parties. The term complete relief under Rule 19(a)(1)(A) refers only to "relief between the persons already parties, and not as between a party and the absent person whose joinder is sought." *Niven v. E-Care Emergency Mckinney, LP*, No. 4:14-cv-494, 2015 WL 1951811, at *2 (E.D. Tex. Apr. 10, 2015). The assessment of "complete relief" is based on the then-existing facts. Courts do not consider whether the absent party might later be responsible on theories of contribution or indemnification, *Niven*, 2015 WL 1951811, at *1, and even if an absent party might be jointly and severally liable with the named defendant, courts may still afford complete relief as between the plaintiff and the named defendant, *Bro-Tech Corp. v. Purity Water Co.*, 681 F. Supp. 2d 791, 806 (W.D. Tex. 2010). Rule 19(a)(1) focuses "on relief between the parties and not on the speculative possibility of further litigation between a party and an absent person." *GE Bus. Fin. Servs. Inc. v. Sundance Res., Inc.*, No. 3:09-cv-253, 2009 WL 1449052, at *1 (N.D. Tex. May 21, 2009) (quoting *LLC Corp. v. Pension Benefit Guar. Corp.*, 703 F.2d 301, 305 (8th Cir. 1983)).

Defendants argue "failure to join Labcon leaves Tuzinski facing the uncertainty of possible additional claims related to this same subject matter that can be brought by Labcon," [Dkt. 38 at 2]; that "[i]gnoring Labcon as an employer and leaving it out of this lawsuit—which is based on claims arising from Tuzinski's employment—would leave Tuzinski open to additional claims being brought by Labcon at a later date" [Dkt. 38 at 3]. Tuzinski asserts "Labcon, as Tuzinski's employer, is under an obligation to join Pavecon in any claims brought that arise out of Tuzinski's employment" [Dkt. 38 at 4].

Defendants' argument for joinder under Rule 19(a)(1) rests solely on the possibility that, at some undefined time in the future, Labcon may potentially assert a claim for recovery against Tuzinski arising from Tuzinski's alleged theft and misuse of Pavecon's property. Tuzinski has failed to make any showing that, as to the claims currently alleged, a ruling by the Court in the pending lawsuit will not afford complete relief between Pavecon and Tuzinski. Therefore, Defendants have not carried their burden to demonstrate that Labcon is a party necessary to the just adjudication of this case and Defendants' motion to join Labcon under Rule 19(a)(1)(A) should be denied. *See GE Bus. Fin. Servs. Inc*, 2009 WL 1449052.

### B.  *Joinder under Rule 19(a)(1)(B)*

Even if a court can grant complete relief in a nonparty's absence, a nonparty may still be deemed necessary under Rule 19(a)(1)(B). Under Rule 19(a)(1)(B), if a party claims an interest in the litigation, it may be a necessary party if disposing of the action without the nonparty would impair the nonparty's ability to protect its interest, FED. R. CIV. P. 19(a)(1)(B)(i), or expose an existing party to a substantial risk of incurring multiple or inconsistent obligations, FED. R. CIV. P. 19(a)(1)(B)(ii). When evaluating necessity under Rule 19(a)(1)(B), subsection (i) looks to the effect of non-joinder on the absent party while subsection (ii) examines its effect on

those who are already parties. But under either subsection, the threshold question is whether the absent party has "an interest relating to the subject of the action." FED. R. CIV. P. 19(a)(1)(B).

Rule 19(a)(1)(B) is applicable only when the absent party's interest in the subject matter of the underlying action is not "indirect or contingent," but rather is "of such a direct and immediate character that the absent party will either gain or lose by the direct legal operation and effect of the judgment." *United Keetoowah Band of Cherokee Indians of Okla. v. United States*, 480 F.3d 1318, 1324-25 (Fed. Cir. 2007) (collecting cases). It is implicit in Rule 19(a) that before an absent party will be joined as a plaintiff, it must have a claim for relief against the defendant. *Vieux Carre Prop. Owners, Residents & Assocs., Inc. v. Brown*, 875 F.2d 453, 457 (5th Cir. 1989).

Labcon was an employer of Tuzinski, but it is undisputed that Tuzinski performed all of his work for Pavecon. Pavecon's Amended Complaint seeks recovery for Tuzinski's alleged theft and misappropriation of Pavecon's computer data, files, contracts, clients, and trade secrets while working for Pavecon. Pavecon alleges Tuzinski's conduct violated federal statutes, breached the terms of the Stock Bonus Agreement between Pavecon and Tuzinski, violated Tuzinski's fiduciary duty to Pavecon, and tortiously interfered with Pavecon's current and prospective business contracts. Tuzinski presents no evidence or argument that Labcon owns or possesses any right or interest in Pavecon's tangible and intangible property at issue in the pending litigation, and Pavecon's Amended Complaint does not seek relief for violating any contract between Labcon and Tuzinski or any harm arising directly from the employer/employer relationship between Labcon and Tuzinski. Simply stated, there is no showing that Labcon was damaged in any way by Defendant Tuzinski's alleged conduct. The Court, therefore, finds that complete relief can be afforded between the existing parties without joining Labcon as an

involuntary plaintiff, and that Labcon has no "interest relating to the subject of" Pavecon's pending litigation against Defendants. Joinder of Labcon under Rule 19(a)(1)(B) should be denied. *See, e.g., Faiveley Transp. USA, Inc. v. Wabtec Corp.*, 758 F. Supp. 2d 211 (S.D.N.Y. 2010) (denying a motion to join an absent party where Plaintiff's claims for Defendant's alleged misappropriation of trade secrets could be fully ruled on without joining the non-joined entity, and Plaintiff's claims raised no issue regarding that entity's underlying ownership of those trade secrets).

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the Court recommends that Defendants' Motion to Join Labcon, Inc. as a Party Pursuant to F.R.C.P. 19(a) [Dkt. 28] be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 19th day of May, 2017.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE